UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Gillman, Bruton & Capone, LLC
770 Amboy Avenue
Edison, New Jersey 08837
(732) 661-1664
Attorney for Debtor(s)
By: Justin Gillman, Esq.

| | |
|---|---|
| | Case No.: _____21-16918-VFP_____ |
| | Chapter: _____13_____ |
| In Re: | Adv. No.: _____N/A_____ |
| Kelvin Nelson | Hearing Date: _____1/6/2022_____ |
| | Judge: _____VFP_____ |

## CERTIFICATION OF SERVICE

1.  I, _____Shannon Haganey_____ :

    ☐ represent _____ in this matter.

    ☒ am the secretary/paralegal for _____Justin Gillman, Esq._____, who represents

    _____Debtor_____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On _____December 2, 2021_____, I sent a copy of the following pleadings and/or documents
    to the parties listed in the chart below.

    Debtor's Modified Chapter 13 Plan and Motions and Notice of Chapter 13 Plan Transmittal, a
    copy of which is attached hereto.

3.  I certify under penalty of perjury that the above documents were sent using the mode of service
    indicated.

Date: _____12/2/2021_____          /s/ Shannon Haganey_____

                                   Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg<br>30 Two Bridges Road, Ste 330<br>Fairfield, NJ  07004-1550 | Chapter 13 trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Electronic Notice<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| First Resolution Investment Corp<br>Attn: Managing Agent/Person<br>Authorized to Accept Service<br>5190 Neil Road, Suite 430<br>Reno, NV 89502 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Electronic Notice<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Bank of America<br>Attn: Managing Agent/Person<br>Authorized to Accept Service<br>4909 Savarese Circle<br>Tampa, FL 33634 | | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other Electronic Notice<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Portfolio Recovery<br>Attn: Managing Agent/Person<br>Authorized to Accept Service<br>120 Corporate Blvd<br>Norfolk, VA 23502 | Authorized Agent for Barclays Bank Delaware | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Electronic Notice<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Resurgent Capital Services<br>Attn: Managing Agent/Person<br>Authorized to Accept Service<br>PO Box 10587<br>Greenville, SC 29603 | Authorized Agent for LVNV Funding LLC | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Portfolio Recovery<br>Attn: Managing Agent/Person Authorized to Accept Service<br>120 Corporate Blvd<br>Norfolk, VA 23502 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Midland Funding<br>Attn: Managing Agent/Person Authorized to Accept Service<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Midland Funding<br>Attn: Managing Agent/Person Authorized to Accept Service<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Midland Funding<br>Attn: Managing Agent/Person Authorized to Accept Service<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

Gillman, Bruton & Capone, LLC
770 Amboy Avenue
Edison, New Jersey 08837
Phone (732) 661-1664
Attorney for Debtors
By: Justin M. Gillman, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Kelvin Nelson<br><br>       Debtor(s). | Case No. 21-16918-VFP<br><br>Chapter 13<br><br>Judge: Hon Vincent F. Papalia, U.S.B.J.<br><br>Hearing Date: 1/6/2022 |

**NOTICE OF CHAPTER 13 PLAN TRANSMITTAL**

The enclosed _____ plan, __√__ modified plan is proposed by the debtor and was filed on November 23, 2021. It has been served on you because the plan contains motions that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

√_____Real Property:

The debtor(s) has valued real property located at 63 Martha Court, Newark, NJ 07103 at $215,000.00.   The debtor(s) believes the first lien on the property to be in the approximate amount of $165,422.00 and junior liens in the amounts of $12,255 and $22,038.00.  As such, after claiming the debtor's allowed exemption pursuant to 11 U.S.C. § 522(d)(1), the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on an appraisal, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

_____Personal Property:

The debtor(s) has valued personal property described as  _____

_____ at $_____.

The debtor(s) believes the lien on the property to be in the approximate amount of $_____ [insert other liens as appropriate ]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for JANUARY 6, 2022.

Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH YOUR ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Kelvin Paul Nelson, Sr.**

Case No.:    <u>21-16918</u>

Judge:    <u>Hon. Vincent F. Papalia</u>

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required        Date:    <u>08/31/2021</u>
☑ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Initial Debtor(s)' Attorney  __JMG__    Initial Debtor:  __KPN__    Initial Co-Debtor  _____

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay __300.00 Monthly__ to the Chapter 13 Trustee, starting on __September 1, 2021__ for approximately **3** months, and then pay __752.00 Monthly__ to the Chapter 13 Trustee, starting on __December 1, 2021__ for approximately **57** months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion:  _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:  _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description:**63 Martha Court, Newark, NJ 07103**
  Proposed date for completion:  __3/1/2022__

d.  ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☑ Other information that may be important relating to the payment and length of plan:
**Pursuant to 11 U.S.C. §1325(b)(4), Debtors' commitment period is 36 months.**

## Part 2:  Adequate Protection                    X NONE

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Justin M. Gillman, Esq.** | **Attorney Fees** | **5,000.00**<br>**At an amount to be determined**<br>**by application pursuant to**<br>**D.N.J. LBR 2016-5(c)** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ☑ None

2

| The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | | |
|---|---|---|---|
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Select Portfolio Servicing, Inc (The Bank of New York Mellon)(Claim No. 7-1)** | **63 Martha Court Newark, NJ 07103  Essex County** | **50,217.83** | **0.00** | **0.00 No Distributions through Plan pending loan modification** | **999.48** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

### f. Secured Claims Unaffected by the Plan ☑ NONE

    The following secured claims are unaffected by the Plan:

Creditor

### g. Secured Claims to be Paid in Full Through the Plan ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Select Portfolio Servicing, Inc (The Bank of New York Mellon)(Claim No. 5-1) | 63 Martha Court Newark, NJ 07103 Essex County<br><br>Upon completion of Plan and discharge, secured creditor to release mortgage on Property. | 12,255.86 |
| Community Hills Condominium Assoc., Inc. | 63 Martha Court Newark, NJ 07103 Essex County<br><br>All liens on Property to be released and discharge upon completion of Plan and discharge. | 22,038.63<br><br>In addition, Debtor shall continue post-petition payments to Creditor outside Plan in the current amount of $324.00 |

## Part 5: Unsecured Claims    ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

       ☐   Not less than $____ to be distributed *pro rata*

       ☐   Not less than ___ percent

       ☑   *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| U.S. Department of Education | Educational | Outside Plan - No distribution through Plan | 0.00 |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of

4

non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☐ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **Bank of America** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-005122-19** | 8,691.00 | 215,000.00 | 21,959.00 | 199,717.06 | 8,691.00 |
| **Barclays Bank Delaware** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-017221-16** | 3,089.00 | 215,000.00 | 21,959.00 | 199,717.06 | 3,089.00 |
| **First Resolution Investment Corp** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-37599-07** | 3,150.00 | 215,000.00 | 21,959.00 | 199,717.06 | 3,150.00 |
| **LVNV Funding LLC** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-3598-16** | 5,525.12 | 215,000.00 | 21,959.00 | 199,717.06 | 5,525.12 |
| **Midland Funding** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-018281-17 DJ-050016-18** | 2,396.00 | 215,000.00 | 21,959.00 | 199,717.06 | 2,396.00 |
| **Midland Funding** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-006990-17** | 2,459.00 | 215,000.00 | 21,959.00 | 199,717.06 | 2,459.00 |
| **Midland Funding** | **Debtor's Residence 63 Martha Court Newark, NJ 07103** | **Judicial Lien DC-012755-18** | 518.00 | 215,000.00 | 21,959.00 | 199,717.06 | 518.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Portfolio Recovery | Debtor's Residence 63 Martha Court Newark, NJ 07103 | Judicial Lien DC-007557-10 | 7,241.00 | 215,000.00 | 21,959.00 | 199,717.06 | 7,241.00 |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification     ■ NONE

6

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:08/31/2021.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To address claims and objections. | Plan increases payments to $752.00 effective December 1, 2021 for 57 months extending Plan to total of 60 months. Modified Plan proposes to pay in full claims of Community Hills Condominium Association Inc. and SPS 2nd mortgage (Claim No. 5-1) through Plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

**Part 10 :  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $300.00 per month for 3 months, then $752.00 per month for 57 months**

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: November 18, 2021                          /s/ Kelvin Paul Nelson, Sr.
_____          _____
                                         Kelvin Paul Nelson, Sr.
                                         Debtor
Date: _____    _____
                                         Joint Debtor

Date November 18, 2021                           /s/ Justin M. Gillman, Esq.
_____          _____
                                         Justin M. Gillman, Esq.
                                         Attorney for the Debtor(s)

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

## RECERTIFICATION OF VALUE

File No.:  BL 2537.04  LOT 4

Client:  KELVIN NELSON

Borrower:  KELVIN NELSON

On  OCTOBER 12, 2020                , the property situated at    63 MARTHA COURT, Newark, NJ 07103-3385

was appraised by   JOHN MACK
and valued at  $    165,000

I have reviewed the appraisal and reviewed recent sales.

It is my opinion that the value of the subject property:

☒  has INCREASED since the effective date of the original appraisal.

☐  has remained STABLE since the effective date of the original appraisal.

☐  has DECREASED since the effective date of the original appraisal.

Based on an extraordinary assumption the subject is in the same or similar condition as it was in October 2020, the subject's estimate of market value is $215,000.

Signature
Name   JOHN MACK
Date Signed   August 15, 2021
State Certification #
Or State License #   42RA00320500                           State  NJ

Signature
Name
Date Signed
State Certification #
Or State License #

Mack Appraisal Service
Form RECVALUE - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

20.05.09189
BL 2537.04  LOT 4

# REAL ESTATE VALUE ESTIMATE

**SUBJECT**

| Contact | KELVIN NELSON | | Census Tract 62.00 | Map Reference DIGITAL | |
|---|---|---|---|---|---|
| Property Address | 63 MARTHA COURT | | Check one: ☐ SF ☒ PUD ☐ CONDO | ☐ 2-4 Units | |
| City Newark | | County ESSEX | State NJ | Zip Code 07103-3385 | |
| Phone No. Res. N/A | Loan Amount $ N/A | Term | Mos. Owner's Est. of Value $ N/A | | |

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 6 | 3 | 1.1 | ☐ Yes ☒ No | 1,122 Sq. Ft. | spaces | NONE | ☒ Yes ☐ No |

**FIELD REPORT**

**NEIGHBORHOOD**

| Location | ☒ Urban | ☐ Suburban | ☐ Rural | | Good | Avg | Fair | Poor |
|---|---|---|---|---|---|---|---|---|
| Built Up | ☒ Over 75% | ☐ 25% to 75% | ☐ Under 25% | Property Compatibility | ☐ | ☒ | ☐ | ☐ |
| Growth Rate | ☒ Fully Dev. | ☐ Rapid | ☐ Steady | ☐ Slow | General Appearance of Properties | ☐ | ☒ | ☐ | ☐ |
| Property Values | ☐ Increasing | ☒ Stable | ☐ Declining | Appeal to Market | ☐ | ☒ | ☐ | ☐ |
| Demand/Supply | ☐ Shortage | ☒ In Balance | ☐ Oversupply | | | | | |
| Marketing Time | ☒ Under 3 Mos. | ☐ 4-6 Mos. | ☐ Over 6 Mos. | | | | | |

Present Land Use   20% 1 Family   20 % 2-4 Family   20 % Apts.   20 % Condo   20% Commercial   % Industrial   % Vacant   %
Change in Present Land Use   ☒ Not Likely   ☐ Likely   ☐ Taking Place From                To
Predominant Occupancy   ☒ Owner   ☐ Tenant   -5 % Vacant
S/F Price Range $ 100,000 to $ 300,000+   $ 190,000 = Predominant Value
S/Family Age   1 yrs. to 150+ yrs.   Predominant Age   70 yrs.

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)   THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH MIXED STYLE DWELLINGS AND COMMERCIAL PROPERTIES.   ADEQUATE ACCESS TO SCHOOLS, LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

**SUBJECT PROPERTY**

| Approx. Yr. Blt. 20 00   # Units 1   # Stories TWO | PROPERTY RATING | Good | Avg | Fair | Poor |
|---|---|---|---|---|---|
| Type (det, duplex, semi/det. etc.)   ATTACHED | Condition of Exterior | ☐ | ☒ | ☐ | ☐ |
| Design (rambler, split, etc.)   TOWNHOUSE | Compatibility to Neighborhood | ☐ | ☒ | ☐ | ☐ |
| Exterior Wall Mat.   VINYL/BRICK   Roof Mat.   ASPHALT | Appeal and Marketability | ☐ | ☒ | ☐ | ☐ |
| Is the property in a HUD-Identified Special Flood Haz. Area?   ☒ No ☐ Yes | | | | | |
| Special Energy-Effic. Items   TYPICAL FOR AREA | | | | | |

Comments (favorable or unfavorable incl. deferred maintenance)   DESKTOP APPRAISAL, ALL DATA USED FROM THE OWNER, MLS, TAX RECORDS AND ONLINE PHOTOS.  THIS APPRAISAL IS BASED ON AN EXTRAORDINARY ASSUMPTION THE SUBJECT IS IN AVERAGE CONDITION.

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 63 Martha Ct | 33 Martha Ct | | 72 Boyd St | | 334 Littleton Ave | |
| Address | Newark | NEWARK | | NEWARK | | NEWARK | |
| Proximity to Sub. | | 0.05 miles NE | | 0.13 miles NW | | 0.53 miles NW | |
| Sales Price | $ | $ 163,000 | | $ 150,000 | | $ 171,000 | |
| Date of Sale and | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Time Adjustment | | 07/31/2020 | | 01/28/2020 | | 09/25/2020 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Site/View | AVERAGE/AVG | AVERAGE/AVG | | AVERAGE/AVG | | AVERAGE/AVG | |
| Age | 20 | 20 | | 20 | | 31 | |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Living Area Rm. Count and Total | Total 6  B-rms. 3  Baths 1.1 | Total 6  B-rms. 3  Baths 1.1 | | Total 5  B-rms. 2  Baths 1 | +7,000 | Total 6  B-rms. 3  Baths 1.1 | |
| Gross Living Area | 1,122 Sq. Ft. | 1,122 Sq. Ft. | | 982 Sq. Ft. | +3,000 | 1,122 Sq. Ft. | |
| Air Conditioning | CENTRAL AIR | CENTRAL AIR | | CENTRAL AIR | | CENTRAL AIR | |
| Garage/Carport | spaces | spaces | | spaces | | spaces | |
| Porches, Patio, Pools, etc. | NONE | NONE | | NONE | | NONE | |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | | TYPICAL | +5,000 | TYPICAL | |
| Other | end unit | end unit | | interior unit | | end unit | |
| Net Adjust (Total) | | ☐ + ☐ − $ | | ☒ + ☐ − $ 15,000 | | ☐ + ☐ − $ | |
| Indicated Value Sub. | | $ 163,000 | | $ 165,000 | | $ 171,000 | |

General Comments   see addendum

Completed By JOHN MACK
Signature

Estimated Value $ 165,000   as of   OCTOBER 12, 2020
Title NJ SLREA 42RA00320500
Date   08/15/2021

[Y2K]

## Supplemental Addendum

| | | | | | | File No. BL 2537.04  LOT 4 |
|---|---|---|---|---|---|---|
| Borrower/Client | KELVIN NELSON | | | | | |
| Property Address | 63 MARTHA COURT | | | | | |
| City | Newark | County | ESSEX | State | NJ | Zip Code  07103-3385 |
| Lender | KELVIN NELSON | | | | | |

THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND ANY THIRD PARTIES.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK:  THE SALES COMPARISON APPROACH TO VALUE WAS USED IN THIS REPORT.  THIS METHOD BEST INDICATES ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST AND INCOME APPROACH TO VALUE WERE NOT UTILIZED.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING.  BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A TOWNHOUSE, CONDOMINIUM RESIDENCE IS IT'S FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.

ADJUSTMENT BASED ON $5,000 PER BEDROOM AND $4,000 PER FULL BATH.  GLA BASED ON $20 PER SQUARE FOOT AND ROUNDED.  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

THE SUBJECT HAS NOT BEEN SOLD IN THE LAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| | | | |
|---|---|---|---|
| Signature | *John Mack* | Signature | |
| Name | JOHN MACK | Name | |
| Date Signed | 08/05/2021 | Date Signed | |
| State Certification # | | State | State Certification # | State |
| Or State License # | 42RA00320500 | State NJ | Or State License # | State |

20.05.09189
File No. BL 2537.04   LOT 4

**DEFINITION OF MARKET VALUE:**    The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.    Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.    (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

* Adjustments to the comparables must be made for special or creative financing or sales concessions.    No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.    Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.    Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's  judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**    The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.    The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.    The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.    The property is valued on the basis of it being under responsible ownership.

2.    Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.    The appraiser has made no survey of the property.

3.    The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.    Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.    The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.    This appraisal report must not be considered an environmental assessment of the subject property.

6.    The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.    The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.    The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.    The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.    The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.    The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.    The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.    This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

20.05.09189
File No. BL 2537.04   LOT 4

**CERTIFICATION:**    The  appraiser  certifies  and  agrees  that:

1.    The  statements  of  fact  contained  in  this  report  are  true  and  correct.

2.    The  reported  analyses,  opinions,  and  conclusions  are  limited  only  by  the  reported  assumptions  and  limiting  conditions  and  are  my  personal,  impartial  and  unbiased  professional  analyses,  opinions,  and  conclusions.

3.    Unless  otherwise  indicated,  I  have  no  present  or  prospective  interest  in  the  property  that  is  the  subject  of  this  report  and  no  personal  interest  with  respect  to  the  parties  involved.

4.    Unless  otherwise  indicated,  I  have  performed  no  services,  as  an  appraiser  or  in  any  other  capacity,  regarding  the  property  that  is  the  subject  of  this  report  within  the  three-year  period  immediately  preceding  acceptance  of  this  assignment.

5.    I  have  no  bias  with  respect  to  the  property  that  is  the  subject  of  this  report  or  the  parties  involved  with  this  assignment.

6.    My  engagement  in  this  assignment  was  not  contingent  upon  developing  or  reporting  predetermined  results.

7.    My  compensation  for  completing  this  assignment  is  not  contingent  upon  the  development  or  reporting  of  a  predetermined  value  or  direction  in  value  that  favors  the  cause  of  the  client,  the  amount  of  the  value  opinion,  the  attainment  of  a  stipulated  result,  or  the  occurrence  of  a  subsequent  event  directly  related  to  the  intended  use  of  this  appraisal.

8.    My  analyses,  opinions,  and  conclusions  were  developed,  and  this  report  has  been  prepared,  in  conformity  with  the  Uniform  Standards  of  Professional  Appraisal  Practice  that  were  in  effect  at  the  time  this  report  was  prepared.

9.    Unless  otherwise  indicated,  I  have  made  a  personal  inspection  of  the  interior  and  exterior  areas  of  the  property  that  is  the  subject  of  this  report,  and  the  exteriors  of  all  properties  listed  as  comparables.

10.    Unless  otherwise  indicated,  no  one  provided  significant  real  property  appraisal  assistance  to  the  person(s)  signing  this  certification  (if  there  are  exceptions,  the  name  of  each  individual  providing  significant  real  property  appraisal  assistance  is  stated  elsewhere  in  this  report).

**ADDRESS OF PROPERTY ANALYZED:**      63 MARTHA COURT, Newark, NJ 07103-3385

| **APPRAISER:** | **SUPERVISORY or CO-APPRAISER (if applicable):** |
|---|---|
| Signature: | Signature: |
| Name:    JOHN MACK | Name: |
| Title: | Title: |
| State Certification #: | State Certification #: |
| or State License #:    42RA00320500 | or State License #: |
| State:  NJ    Expiration Date of Certification or License:    12/31/2021 | State:    Expiration Date of Certification or License: |
| Date Signed:    08/15/2021 | Date Signed: |
| | ☐ Did  ☐ Did Not  Inspect Property |

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

| Borrower/Client | KELVIN NELSON | | | | File No. BL 2537.04  LOT 4 | |
|---|---|---|---|---|---|---|
| Property Address | 63 MARTHA COURT | | | | | |
| City | Newark | County | ESSEX | State NJ | Zip Code 07103-3385 | |
| Lender | KELVIN NELSON | | | | | |

# APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

☒ Appraisal Report    (A written report prepared under Standards Rule    2-2(a)  , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ Restricted    (A written report prepared under Standards Rule    2-2(b)  , pursuant to the Scope of Work, as disclosed elsewhere in this report,
Appraisal Report    restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no  personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time    (USPAP defines Exposure Time as the estimated length of time that the property interest being
appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)
My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:    WITHIN 6 MONTHS
FOR REALISTICALLY PRICED PROPERTIES.

## Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any State mandated requirements:

**APPRAISER:**

Signature:
Name:  JOHN MACK

State Certification #:
or State License #:  42RA00320500
State:  NJ    Expiration Date of Certification or License:    12/31/2021
Date of Signature and Report:    08/15/2021
Effective Date of Appraisal:    OCTOBER 12, 2020
Inspection of Subject:  ☐ None  ☐ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable):

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:
Name:

State Certification #:
or State License #:
State:    Expiration Date of Certification or License:
Date of Signature:
Inspection of Subject:  ☐ None  ☐ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable):

# Subject Photo Page

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower/Client | KELVIN NELSON | | | | | |
| Property Address | 63 MARTHA COURT | | | | | |
| City | Newark | County | ESSEX | State | NJ | Zip Code  07103-3385 |
| Lender | KELVIN NELSON | | | | | |



### Subject Exterior

| | |
|---|---|
| 63 Martha Ct | |
| Sales Price | |
| Gross Living Area | 1,122 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 20 |



### Subject aerial view

## Comparable Photo Page

| Borrower/Client | KELVIN NELSON | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 63 MARTHA COURT | | | | | | |
| City | Newark | County | ESSEX | State | NJ | Zip Code | 07103-3385 |
| Lender | KELVIN NELSON | | | | | | |



### Comparable 1

**33 Martha Ct**

| | |
|---|---|
| Prox. to Subject | 0.05 miles NE |
| Sale Price | 163,000 |
| Gross Living Area | 1,122 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 20 |



### Comparable 2

**72 Boyd St**

| | |
|---|---|
| Prox. to Subject | 0.13 miles NW |
| Sale Price | 150,000 |
| Gross Living Area | 982 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 20 |



### Comparable 3

**334 Littleton Ave**

| | |
|---|---|
| Prox. to Subject | 0.53 miles NW |
| Sale Price | 171,000 |
| Gross Living Area | 1,122 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.1 |
| Location | AVERAGE |
| View | AVERAGE/AVG |
| Site | |
| Quality | |
| Age | 31 |

## Location Map

| Borrower/Client | KELVIN NELSON | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 63 MARTHA COURT | | | | | | |
| City | Newark | County | ESSEX | State | NJ | Zip Code | 07103-3385 |
| Lender | KELVIN NELSON | | | | | | |

